[Cite as *Toledo v. Wells*, 2014-Ohio-4636.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

      Appellee

v.

Patrice L. Wells

      Appellant

Court of Appeals No. L-13-1272

Trial Court No. CRB-13-12551

**<u>DECISION AND JUDGMENT</u>**

Decided: October 17, 2014

* * * * *

Tim A. Dugan, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, Patrice L. Wells, from the judgment of the Toledo Municipal Court which found him guilty of a violation of Toledo Municipal Code Section 537.20(A), violation of a temporary protection order. The appellant was then sentenced to serve a sentence of 180 days incarceration.

**{¶ 2}** Appointed counsel has filed a brief and requested leave to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

**{¶ 3}** The appellee, city of Toledo, did not file a responsive brief nor did it oppose the motion of counsel to withdraw.

**{¶ 4}** In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief in this matter.

**{¶ 5}** Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel. We have reviewed the entire record from below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

**{¶ 6}** Counsel refers to several possible, but ultimately untenable, issues: (1) the appellant's conviction fell against the manifest weight of the evidence and (2) the trial court erred by not informing the appellant that if he did not pay court costs, he could be ordered to perform community service hours in lieu of costs.

**{¶ 7}** A manifest weight challenge questions whether the state has met its burden of persuasion. *State v. Davis,* 6th Dist. Wood No. WD-10-077, 2012-Ohio-1394, ¶ 17, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In making this determination, the court of appeals sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins, supra,* at 386.

**{¶ 8}** Appellant was convicted of violating Toledo Municipal Code Section 537.20, violation of a temporary protection order. That section states in pertinent part:

> 537.20. Temporary protection order.
>
> * * *
>
> (b)  No person shall recklessly violate the terms of any of the following:
>
> (1) A protection order issued or consent agreement approved pursuant to Ohio R.C. 2919.26 or 3113.31 or Toledo Municipal Code 537.19;

3.

(2) A protection order issued by a court of another state.

(c) No person shall recklessly enter or remain on the land or premises which is the subject of a temporary protection order, issued pursuant to Ohio R.C. 2919.26 or 3113.13 or Toledo Municipal Code 537.19 when such temporary protection order excludes the person from said land or premises.

(d) No person being on the land or the premises subject to a temporary protection order issued pursuant to Ohio R.C. 2919.26 or 3113.31 or Toledo Municipal Code 537.19, shall negligently fail or refuse to leave such premises upon being notified that the protection order excludes such person from land or premises.

(e) Whoever violates this section is guilty of violation of a temporary protection order, a misdemeanor of the first degree.

{¶ 9} The record and testimony establishes that the Lucas County Common Pleas Court issued a civil stalking protection order against appellant on April 4, 2013. The record further demonstrates that appellant was present before the court when the order was issued and that he waived a right to a full hearing on the petition for the civil stalking protection order.

{¶ 10} That order states in pertinent part:

5. RESPONDENT SHALL STAY AWAY from protected persons named in this order, and shall not be present within 100 feet or 1 block

(distance) of protected persons, wherever protected persons may be found
* * *.

{¶ 11} The record further establishes that appellant testified that he was, in fact, on the sidewalk of the victim's residence on July 23, 2013, ostensibly to discuss child support with the victim and that he did so with full knowledge of the terms of the protection order.

{¶ 12} This court has reviewed the applicable law as well as the trial court record, including the oral testimony of the trial. Upon due consideration, we find that the record contains sufficient evidence to support appellant's conviction of violation of a temporary protection order. In addition, we find, after reviewing the entire record and weighing the evidence and all reasonable inferences, that the trier of fact did not lose its way in reaching its verdicts.

{¶ 13} Therefore, this potential assignment of error is without merit.

{¶ 14} In considering the potential second assignment of error, we must look to R.C. 2947.23(A) which states in pertinent part:

> (A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other

5.

nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶ 15} To determine whether a term of actual incarceration is a nonresidential sanction, R.C. 2929.27 is instructive where it states, in relevant part:

2929.27 Nonresidential sanction where jail term not mandatory

(A) Except when a mandatory jail term is required by law, the court imposing a sentence for a misdemeanor, other than a minor misdemeanor, may impose upon the offender any nonresidential sanction or combination of nonresidential sanctions authorized under this division. Nonresidential sanctions include, but are not limited to, the following:

(1) A term of day reporting;

6.

(2) A term of house arrest with electronic monitoring or continuous alcohol monitoring or both electronic monitoring and continuous alcohol monitoring, a term of electronic monitoring or continuous alcohol monitoring without house arrest, or a term of house arrest without electronic monitoring or continuous alcohol monitoring;

(3) A term of community service of up to five hundred hours for a misdemeanor of the first degree or two hundred hours for a misdemeanor of the second, third, or fourth degree;

(4) A term in a drug treatment program with a level of security for the offender as determined necessary by the court;

(5) A term of intensive probation supervision;

(6) A term of basic probation supervision;

(7) A term of monitored time;

(8) A term of drug and alcohol use monitoring, including random drug testing;

(9) A curfew term;

(10) A requirement that the offender obtain employment;

(11) A requirement that the offender obtain education or training;

{¶ 16} Thus, nonresidential sanctions, as defined by the sentencing statute, exclude a term of actual incarceration. Appellant herein was sentenced to a period of actual

7.

incarceration. Therefore, the notification provisions are not relevant to the case before the court and this argument is also wholly without merit.

**Conclusion**

{¶ 17} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have found no error prejudicial to appellant's rights in the proceedings in the trial court. We conclude that this appeal is wholly frivolous. The motion of counsel for appellant requesting to withdraw as counsel is granted.

{¶ 18} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

Stephen A. Yarbrough, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.